Argued and submitted March 13, affirmed on petition and on cross-petition July 3, reconsideration denied October 2, petition for review denied October 29, 1991
(312 Or 234)

In the Matter of the Compensation of
the Beneficiaries of Javier Mendoza, Deceased, Claimant.

Annette MELL,
Beneficiary of Javier Mendoza, Deceased,
*Petitioner - Cross-Respondent,*

*v.*

W.C. RANCH, INC.,
and SAIF Corporation,
*Respondents - Cross-Petitioners.*

(88-06734; CA A64079 (Control), A64162)
(Cases Consolidated)

813 P2d 1126

James L. Edmunson, Eugene, argued the cause for petitioner - cross-respondent. With him on the briefs were Brent Wells and Malagon, Moore & Johnson, Eugene.

Arden J. Olson, Assistant Attorney General, Salem, argued the cause for respondents - cross-petitioners. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, Michael D. Reynolds, Assistant Attorney General, and Thomas E. Ewing, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board reversing the referee and holding that her minor daughter is not entitled to workers' compensation benefits as the beneficiary of claimant's cohabitant, the deceased worker. Employer cross-petitions, contending that the Board erred in holding that claimant is entitled to benefits as the surviving cohabitant of the decedent. We affirm on the petition and on the cross-petition.

The Board's findings are supported by substantial evidence. The decedent married Tina Mendoza in November, 1982. In March, 1985, while still married to Tina, the decedent began living with claimant and her daughter Katie, who was then one year old. The evidence shows that the decedent treated Katie as if she were his daughter, that the decedent and claimant lived together as husband and wife and that claimant gave birth to their child Ashley after the decedent's death. The decedent was granted a dissolution of his marriage to Tina on February 19, 1986, but then moved to "set aside" the judgment in order to provide for the care and custody of their daughter, Melissa, provision for whom had been omitted from the judgment. That motion was granted, and a second so-called judgment of dissolution was entered on November 22, 1986. The decedent suffered a fatal injury on the job on September 11, 1987.

Under ORS 656.204(4), a minor child of a deceased worker is entitled to workers' compensation benefits. Benefits have been provided to Ashley. The only issue raised by the petition is whether Katie is also entitled to benefits. Claimant contends that, although Katie was not the decedent's natural child, she was his child and beneficiary for the purpose of workers' compensation benefits, because, as the term is defined in ORS 656.005(5), a child includes "a child toward whom the worker stands *in loco parentis*."[1]

■ The Board found that Katie has a natural father who pays support, that claimant applied for and received public assistance on behalf of Katie and that the decedent did not voluntarily assume the obligation of support or hold himself

---

[1] Claimant does not contend that Katie is entitled to benefits as a dependent of the decedent. ORS 656.005(2).

out to all segments of society as standing in the place of a parent. There is substantial evidence to support those findings, and they support the Board's conclusion that the decedent did *not* stand *in loco parentis* to Katie.

■     In its cross-petition, employer contends that claimant is not entitled to benefits under ORS 656.226 as the surviving cohabitant of the decedent. That statute provides:

> "In case an unmarried man and an unmarried woman have cohabited in this state as husband and wife for over one year prior to the date of an accidental injury received by one or the other as a subject worker, and children are living as a result of that relation, the surviving cohabitant and the children are entitled to compensation under ORS 656.001 to 656.794 the same as if the man and woman had been legally married."

Employer contends that the setting aside of the first dissolution judgment had the effect of restoring the marriage and that, therefore, the dissolution of the decedent's marriage to Tina did not become final until a new dissolution judgment was entered on November 22, 1986. Under that analysis, the decedent was unmarried for just under eleven months when he died on September 11, 1987. Employer contends, accordingly, that claimant does not qualify for benefits under the statute, because the decedent and a claimant must have cohabited *and* have been unmarried for more than one year at the time of the injury.

■     We agree with employer that the statute requires that there have been over one year of continuous cohabitation during which both parties remained unmarried. However, we disagree with employer's conclusion that the decedent was unmarried for less than one year at the time of his death. Under ORS 107.115,[2] the February, 1986, dissolution of his marriage to Tina became final after the expiration of 30 days from the date of the decree, no appeal having been filed. After

---

[2] ORS 107.115(1) provides:

"A decree of annulment or dissolution of a marriage restores the parties thereto to the status of unmarried persons, unless a party is married to another person. * * * [B]ut the decree shall not be effective insofar as it affects the marital status of the parties until the expiration of 30 days from the date of the decree, or, if an appeal is taken, until the suit is determined on appeal, whichever is later."

that, the court had the power to modify the judgment to provide for the custody and support of a minor child who was erroneously omitted from the judgment. ORS 107.135(1)(b).[3]

The February, 1986, dissolution judgment made no provision for the care, custody and control of the decedent's daughter Melissa and made no provision for her support. It simply dissolved the marriage. In his affidavit accompanying his motion to set aside the judgment, the decedent stated that he was willing to let his ex-wife have the child "so long as she took care of" her. It stated, however, that "since our dissolution of marriage, my ex-wife has been running around, drinking, with other men and is totally unfit to have care, custody and control of [the child]. That I am a fit and proper person to have care, custody and control of said child." The affidavit states no basis for attacking the dissolution of the marriage, only for granting the decedent custody of his child. Accordingly, the court had no authority to set aside the judgment. The decedent's motion could only lawfully have been treated as a motion to modify the judgment to provide for the custody and support of the child who was "erroneously omitted from the decree." ORS 107.135(1)(b). For the same reasons, the second purported dissolution judgment should be treated only as a modification of the original judgment.[4]

Accordingly, the decedent had been unmarried for over one year when he died in September, 1987. The provisions of ORS 656.226 have been met, and claimant is entitled to benefits as the surviving cohabitant.

Affirmed on petition and on cross-petition.

---

[3] ORS 107.135(1)(b) provides:

"(1)  The court has the power at any time after a decree of * * * dissolution of marriage * * * upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons * * *, to:

"* * * * *

"(b)  Make an order, after service of notice to the other party, providing for the future custody, support and welfare of minor children residing in the state, who, at the time of the decree was given, * * * were unknown to the court or were erroneously omitted from the decree[.]"

[4] Although the parties did not argue this point, we conclude that, because the error in the circuit court's order is one of law that relates to its jurisdiction to do what it purported to do, it is necessary to deal with the question in order to decide this case.